UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ELIZABETH HILL                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:08cv323 DPJ-JCS

STATE FARM FIRE AND CASUALTY COMPANY                                           DEFENDANT

ORDER

This bad faith claim is before the Court on Plaintiff Elizabeth Hill's Motion for Reconsideration [101]. Defendant State Farm Fire & Casualty Company ("State Farm") responded in opposition [102, 103], and Plaintiff filed no reply. The Court, having fully considered the parties' submissions and the applicable authority, finds that the motion is not well taken and should be denied.

On January 7, 2005, Plaintiff worked a full day at the office before leaving for home. While taking her normal route, she was involved in a motor vehicle accident that caused serious injuries. There is no dispute that Plaintiff was "on call" for her employer twenty-four hours a day and that she did some work at home. Concluding that the injury occurred outside the course and scope of employment, State Farm denied the worker's compensation claim, though it was eventually decided by an administrative law judge in Hill's favor. State Farm then paid the claim, but Plaintiff filed suit for bad faith. After extensive briefing and oral argument, this Court concluded that State Farm had an arguable basis for its initial denial and therefore granted summary judgement in its favor in a lengthy opinion read from the bench. Plaintiff now seeks reconsideration of two rulings: (1) the grant of summary judgment; and (2) the denial of her appeal of a discovery-related order from Magistrate Judge James Sumner.

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be

used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

As to the order granting summary judgment, Plaintiff generally reargues the same arguments this Court exhaustively considered before granting Defendant's motion for summary judgment. In finding that the jury should not be permitted to decide the issues of punitive damages, this Court relied heavily on the Fifth Circuit's recent articulation of the standard for bad faith claims found in *Broussard v. State Farm Fire & Casualty Co.*, 523 F.3d 618, 627-28 (5th Cir. 2008). Further support was found in cases such as *Andrew Jackson Life Insurance Co. v. Williams*, 566 So. 2d 1172, 1184 (Miss. 1990) ("If the judge is unable to make the determination, then logic generally dictates that the insurer's rightful or wrongful denial of the claim was not reached in bad faith. In these cases, the punitive-damages issue *generally* should not be submitted to the jury." (citing *Pioneer Life Ins. Co. of Ill. v. Moss*, 513 So. 2d 927, 930 (Miss. 1987) ("[T]he issue of punitive damages should not reach the jury [when] reasonable minds could differ as to the . . . legitima[cy of the policy] claim."))).

Substantively, the Court found a strong argument that the incident fell within Mississippi's "going and coming" rule. *See Wilson v. Serv. Broadcasters, Inc. (WDAM)*, 483

2

So. 2d 1339, 1341 (Miss. 1986) (noting that "as a general rule, hazards encountered by an employee going to or returning from his regular place of work, off the employer's premises, are not incident to employment, do not arise therefrom, and are not compensable"). However, there were no sufficiently analogous Mississippi cases to definitively decide the point, and commentators and cases from other venues were mixed. Accordingly, the Court noted similarities with *Dunn v. State Farm Fire & Casualty Co.*, where the Fifth Circuit observed,

> The Mississippi courts had not addressed the issue directly, Mississippi law could be found to support either position, and other jurisdictions were split on the issue. Because the issue was debatable at the time coverage was denied, State Farm had an arguable reason to deny coverage.

927 F.2d 869, 874 (5th Cir. 1991). Although given orally, the Court's bench ruling provides a detailed analysis of these issues and is incorporated herein by reference. Nothing in the motion for reconsideration convinces the Court to alter that ruling.

Next, Plaintiff contends that the Court erred in affirming the magistrate judge's ruling that she could not depose State Farm employee Van Huffman out of time.[1] Van Huffman was State Farm's Section Manager and was identified to Plaintiff on September 25, 2008, in Defendant's Pre-Discovery Disclosures of Core Information. No notice of deposition was filed until April 1, 2009, just two days before the twice-extended discovery deadline. On April 17, 2009, after the discovery deadline expired, Plaintiff filed a motion [38] to take the deposition out of time, but by then, Defendant had already filed a motion for summary judgment.

On April 21, 2009, Magistrate Judge James Sumner entered an order [46] denying

---

[1] Arguably, this motion would fall under Rule 60(b), but the result would be no different.

Plaintiff's request to depose Van Huffman. Plaintiff moved for reconsideration [47], and Judge Sumner likewise denied that request [65]. Plaintiff then appealed the decision to the undersigned [75]. Noting the broad latitude given discovery decisions and the standard for overturning a magistrate judge's order under 28 U.S.C. § 636(b)(1)(A), this Court denied Plaintiff's appeal [81]. Although not fully addressed in the order, support for the magistrate judge's ruling can be found in the fact that Plaintiff squandered opportunities to depose the witness during the twice extended discovery period; failed to adequately preserve the issue; and sought leave to take the deposition after Defendant timely filed a motion for summary judgment. The magistrate judge was not in error, and the motion for reconsideration is denied.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE